UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jose Lopez-Lara, #59442-198 | ) | C/A No. 0:08-02005-RBH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| John R. Owens, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Jose Lopez-Lara (Petitioner) is an inmate at the Federal Correctional Institution Williamsburg in Salters, South Carolina, which is a facility operated by the Federal Bureau of Prisons. Petitioner has filed this habeas action pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even when considered under this less stringent standard, however, the undersigned finds that this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).



**Discussion**

According to PACER, the national index for United States district, bankruptcy and appellate courts, Petitioner is currently serving a 77 month sentence imposed by the United States District Court for the Central District of California following a conviction under 8 U.S.C. § 1326 for reentry of removed aliens.  *See USA v. Lopez-Lara*, No. 2:03-01135-PA-1 (C.D. Cal. filed Feb. 7, 2005).  Petitioner is arguing in this Petition that his current sentence is invalid because he should not have been deported in the first place. Petitioner states that he "was found guilty of having violated his parole for failure to stay away from a prohibited person which led to the purpose of this [deportation] hearing by Immigration and Naturalization Service and by the said [Petitioner] having been found guilty of parole violation was in fact a denial of due process and of the equal protection clause of the laws and therefore, the [Petitioner] should not have been deported."  (Pet. at 6.) Petitioner argues that if he had not been deported, he could not have be convicted of, and now be serving a sentence for, illegal reentry.

This action is subject to dismissal because a petition for habeas corpus relief under § 2241 is the "vehicle for challenging the execution, not the validity of the sentence." *Atehortua v. Kindt*, 951 F.2d 126, 130 (7th Cir. 1991). Petitioner seeks the restoration "of his legal resident status," and he asks "not [to] be deported" (Pet. at 7.),  which is an attack on the validity of his federal sentence.  "[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute . . .  but instead must proceed under 28 U.S.C. § 2255". *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994).

Because Petitioner is challenging his current federal sentence he must proceed under § 2255, not § 2241.  *See In re Jones*, 226 F.3d 328 (4th Cir.2000).  Section 2241 may only be used



by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause"; *see Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001); which provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. An application for a writ of habeas corpus from a prisoner authorized to apply under § 2255

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

Petitioner does not allege that he previously filed for relief under § 2255. Further, it is well settled that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003). Section 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. *United States v. Laurie*, 207 F.3d 1075, 1077 (8th Cir.2000). Hence, Petitioner's failure to previously file a § 2255 motion, if indeed he has not, does not render relief under that section inadequate or ineffective.



**Recommendation**

This petition for writ of habeas corpus under § 2241 should be dismissed because the Petitioner's claims regarding his federal sentence are cognizable under § 2255, not § 2241, and relief under § 2255 must be pursued in the sentencing court. 28 U.S.C. § 2255(a). Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
United States Magistrate Judge

June 17, 2008
Columbia, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

